### Caller's Executrix *against* Boykin and Bassett, Administrators de bonis non of Birney.

1, On a note pay-
able to an admi-
nistrator, &c. the
right of action fol-
lows the adminis-
tration, and the
administrator de
bonis non may
sue, &c.
2, Declaration de-
scribing a note
in which time of
payment is not
named, is not
supported by a
note payable 9
months after date.

IN *Washington* Circuit Court, *Francis Boykin* and *Sarah
Bassett*, administrators de bonis non of *William B. Birney*,
declared in debt against *Winny Caller*, Executrix of *James
Caller*, on a bill single of her testator, dated 6th day of
*March*, 1815, payable to *Thomas Bassett*, administrator of
*William B. Birney*, deceased. The declaration as to time of
payment is thus : " And by the same note he, the said *James
" Caller*, promised to pay to the said *Thomas Bassett*, admini-
" trator of *William Birney*, the sum of $253 34, for value re-
" ceived. Nevertheless," &c. The Defendant in the action
demurred, and set down as causes,

1, The note was given to *Thomas Bassett*, and the right
to sue and recover thereon is in him, or, if he be dead, in his

legal representative, and not in the plaintiffs, either in their own right or as representatives of *William B. Birney.*

2, The declaration does not allege any liability in said defendant to pay.

The Circuit Court overruled the demurrer, and adjudged that the defendant to the action should answer over ; whereupon the defendant plead *non assumpsit* by her testator, and *non assumpsit* by him within six years ; on which issues were joined, and verdict and judgment rendered for the plaintiffs. A bill of Exceptions was taken during the trial, by which it appears that the plaintiffs offered in evidence a note of *James Caller* and *Joseph Carson* for the sum mentioned in the declaration dated 6th *March*, 1815, payable nine months after date to *Thomas Bassett*, administrator of *William B. Birney;* to the admission of which as evidence the defendant objected, and the objection was overruled.

She here assigns as Errors,

1, That the Court below overruled the demurrer.

2, The Court suffered the instrument mentioned in the bill of Exceptions to be read in evidence.

Judge *Minor* delivered the opinion of the Court.

The writing sued on was payable to *Thomas Bassett* as administrator of *William B. Birney.* The action was by defendants in Error, the administrators de bonis non of *Birney,* the declaration setting out that such administration had been committed to them.

The Statutes of this State, regulating the powers and duties of executors and administrators (L. A. p. 326, 334, 341, &c.) require that the personal estate of an intestate, &c., shall be appraised ; that the administrator, by order of the County Court, shall sell at public sale, on a credit, the purchasers giving bonds, &c. ; that he shall not sell at private sale, or take the property at its appraised value. The administrator may resign, and in that case the unadministered assets shall be delivered over to his successor. Under the English law an administrator may sell for *ready money*, which, as well as the choses in action, debts, damages, &c., to which he is entitled in right of his intestate, will be assets in his hands (2 Bl. Com. 510—Toller's Law of Exors. 157. 162.) Are bonds &c., taken by an administrator here, as required by Statute, his individual property or assets in his hands ? If the obligors prove insolvent, is he necessarily liable for the amount of such bonds ? Can his creditors, in his private right, by attachment or otherwise, recover such debts of the obligors for the satisfaction of debts due to them by the administrator ? These consequences would seem

necessarily to follow from considering the bonds payable to the administrator as such, as belonging to him in his private right. The effects and the money which can be specifically ascertained to have belonged to the deceased at his death, are not liable for the debts of the administrator (Toller, 134, 135). As he is required by our Statutes to make his sales on a credit and take bonds, &c., the bonds and monies collected thereon are assets in his hands as much as were the effects he was required to sell; and in case of his decease or resignation, must, like other unadministered assets, go to his successors in the administration. The second cause of demurrer is not supported by the Record. The Record sets out that the testator by his bill single, sealed, &c., bound himself to pay, which is a sufficient obligation of his liability in his lifetime, and of his Executrix since his death.

As to the second assignment—The writing obligatory described in the declaration was by legal intendment payable *presently*, that given in evidence was payable *nine months after date.* This was an action of debt on a specialty. The issues joined and tried were on the pleas of non assumpsit, and non assumpsit infra sex annos. In this action there were immaterial issues. (Tidd's P. 829.) The judgment and proceedings must be reversed back to the judgment of the Circuit Court overruling the demurrer, and the cause remanded.

Judge *Saffold* not sitting.